**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
CANDACE A. BUTTS,

               Plaintiff,

        -against-

EUGENIA KELCH, THERESA DAVIS, UNITED
FEDERATION OF TEACHERS, NEW YORK CITY
DEPARTMENT OF EDUCATION, STELLA INSERRA,
RYAN WELCH, and WILLIAM KALOGERAS,

               Defendants.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-04418 (OEM) (CLP)

ORELIA E. MERCHANT, United States District Judge:

      Before the Court is Plaintiff Candace A. Butts' ("Plaintiff") motion for reconsideration of the Court's September 30, 2024 Order granting Defendants' Eugenia Kelch ("Kelch"), Theresa Davis ("Davis"), and the New York City Department of Education ("DOE"), (collectively, "City Defendants") motion to dismiss.

      For the following reasons Plaintiff's motion is DENIED.

## BACKGROUND

      The Court assumes the parties' familiarity with the facts alleged in Plaintiff's Third Amended Complaint ("TAC"), ECF 33, and the procedural history in this action, and therefore does not recount them in full here.

      Plaintiff brought this action against the City Defendants, defendants Ryan Welch, Stella Inserra, William Kalogeras, and the United Federation of Teachers, Local 2, AFT, AFL-CIO ("UFT") (collectively "Union Defendants") alleging: (1) hostile work environment, (2) breaches of Collective Bargaining Agreement ("CBA") and racial discrimination, (3) conspiracy to violate rights, (4) continued retaliation, and (5) wrongful termination under both state and federal laws.

*See generally* TAC.  The City Defendants moved to dismiss under Rule 12(b)(6) only, and the Union Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  *See City Defendants' Motion to Dismiss,* ECF 50; Union Defendants' Motion to Dismiss, ECF 54.

On September 30, 2024, the Court granted both motions, dismissed Plaintiff's federal law claims, and declined to exercise jurisdiction with respect to the remaining state law claims.[1] Memorandum & Order ("Order"), ECF 67.  As relevant to the instant motion, the Court found that Plaintiff had failed to state claims under 42 U.S.C. §§ 1983 and 1981 against the Individual City Defendants for (1) hostile work environment because she failed to allege pervasive harassment or that such harassment plausibly occurred because of Plaintiff's membership in a protected class, *id.* at 13-14; (2) gender and racial discrimination claims because Plaintiff failed to allege facts plausibly giving rise to an inference of discriminatory intent, *id.* at 15-16; and (3) retaliation because Plaintiff did not allege a protected activity, *id.* at 17-18.

On October 24, 2024, Plaintiff moved for reconsideration of the Order granting the motion to dismiss as to the City Defendants.  Plaintiff's Motion for Reconsideration (Pl.'s Mot.), ECF 70. The City Defendants filed a response on November 8, 2024, and Plaintiff replied on November 11, 2024.  The City Defendants' Response in Opposition ("City Defs.' Opp."), ECF 71; Plaintiff's Reply ("Pl.'s Reply"), ECF 73.

## STANDARD OF REVIEW

To succeed on a motion for reconsideration, the movant must show "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d

---

[1] The Court dismissed this action, and the Clerk of Court entered judgment. *See* Order at 32-33; Judgment, ECF 68.

Cir. 1992) (quoting 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478 (3d ed. June 2024)). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see also* E.D.N.Y. & S.D.N.Y. Local Civ. R. 6.3 (providing that the moving party must "set[ ] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked").

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted). Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources*." In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, 05-CV-3430, 05-CV-4759, & 05-CV-4760, 2006 WL 1423785, at *1 (2d Cir. 2006). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, 10-CV-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## DISCUSSION

First, Plaintiff argues that the Court has misapplied the familiar legal standard on a motion to dismiss, because it "viewed the allegations of the complaint individually in isolation rather than . . . as a whole in their totality as required by law." Pl.'s Mot. at 3, 6 (citing *Kaplan v. Lebanese*

*Canadian Bank, SAL*, 999 F.3d 842, 865 (2d Cir. 2021)).  Plaintiff further asserts that the Court

failed to accept all factual allegations in the TAC as true.  *Id.* at 6.  But, as Defendants correctly

argue in response, City Defs.' Opp. at 4, Plaintiff has not identified any factual allegations that the

Court failed to accept – or how the Court supposedly failed to consider the TAC in its totality.

Without pointing to "data that the court overlooked" which "might reasonably be expected to alter

the conclusion reached by the court[,]" reconsideration of this Court's Order is not proper.

*Shrader*, 70 F.3d at 257.

Second, Plaintiff argues that the Court failed to make the "obvious inference" that Plaintiff

was treated differently because of her sex.  Pl.'s Mot. at 6.  Further, Plaintiff asserts that the

retaliation was made based on her national origin.  Pl.'s Reply at 2-3.  Regardless of which

protected class Plaintiff intended to base her claims, this argument is unavailing given that the

Court did in fact make this inference.  Although Plaintiff's did not state in the TAC that the alleged

discrimination occurred due to her gender, race, or national origin, the Court nonetheless presumed

those classes formed the basis for her claims.  Specifically, "th[e] Court accept[ed] here that

Plaintiff belongs to the following protected classes: gender (female), race (Black), and national

origin (American)."  Order at 14.  Moreover, the Court is not required to infer based on any

conclusory allegations that discrimination occurred *because of* her membership in a protected

class.  Nor is the Court required to consider new arguments or facts advanced in a party's reply.

*See Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n. 13 (2d Cir. 2010).

Rather, Plaintiff was required to meet the pleading standard that she provides "at least

minimal support for the proposition that the employer was motivated by discriminatory intent."

*Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015).  As discussed in this Court's Order,

Plaintiff did not state any facts to suggest an inference of discriminatory intent: "The TAC entirely

fails to carry even the *de minimus* burden of establishing that any of these actions give rise to an inference of discriminatory intent on the basis of Plaintiff's race, gender, or ethnicity." Order at 15; *see id.* at 29 ("The complaint is also barren of any facts to support a plausible inference of discriminatory intent."). Such omissions plainly fail to meet the pleading standard, and Plaintiff has not presented any new evidence or controlling precedent here to warrant reconsideration.[2]

Third, Plaintiff asserts that the Court erred by requiring that Plaintiff specifically invoke Section 1983 in order to state a claim. Pl's Mot. at 4 (citing *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014), for the proposition that "the Supreme Court specifically held that no rule requires a plaintiff seeking damages for violations of constitutional rights to invoke Section 1983 expressly in order to state a claim"). However, this is an incorrect characterization of this Court's findings. The Court did not rule or in any way indicate that Plaintiff must specifically invoke Section 1983. *See generally* Order.

Fourth, Plaintiff argues that her retaliation claim should not have been dismissed for failure to state that she engaged in a protected activity because "[P]laintiff took steps to protect the rights of a disabled student . . . ." Pl's Mot. at 4-5 (citing *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 149 (2d Cir. 2002)). Plaintiff argues that her alleged advocacy on behalf of a disabled student is sufficient to support a retaliation claim under 42 U.S.C. §§ 1983 and 1981 for discrimination on the basis of sex, gender, race, or national origin. *Id.* at 5-6 (citing *CBOCS West, Inc. v. Humphries*

---

[2] Plaintiff asserts that the Court wrongly applied the standard under *McDonnel Douglass*, appropriate for disposition of a motion for summary judgment – not a motion to dismiss. Pl's Mot. at 4 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). At one point in the Order, the Court cited to *Tolbert v. Smith*, 790 427 (2d Cir. 2015), stating that Plaintiff must establish a prima facie case of discrimination by showing: "(1)[s]he belonged to a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." Order at 14 (alterations in original) (quoting *Tolbert*, 790 F.3d at 435). However, the basis for the Court's dismissal of Plaintiff's claims remains unchanged: Plaintiff has not plausibly alleged with "at least minimal support . . . that the employer was motivated by discriminatory intent." *Littlejohn*, 795, F.3d at 311 (interpreting *Swierkiewicz*, 534 U.S. 506).

553 U.S. 442 (2008) (finding cognizable retaliation claim under § 1981 where one individual complained about racial discrimination of another individual)).  While a plaintiff's efforts to help a disabled student might be cognizable as a retaliation claim under the Americans with Disabilities Act ("ADA"), they are not a protected activity for the purposes of Plaintiff's claims under § 1983.  Plaintiff alleged discrimination on the basis of her gender, race, and national origin in violation of the 14th Amendment, under which individuals with disabilities are not a suspect class.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 442, 446 (1985) (individuals with disabilities are not a suspect class under the Equal Protection Clause).  As explained in the Order, to state a retaliation claim, the Plaintiff must have engaged in a protected activity that led to an adverse employment action.  Order at 16.  "The activity complained of must be one that is prohibited by the statute under which Plaintiff brings her claims." *Id.* (citing *Mi-Kyung Cho v. Young Bin Café*, 42 F. Supp. 3d 495, 508 (S.D.N.Y. 2013)).  "[C]ourts in this Circuit have long held that 'claims of employment discrimination based on disability,' including disability-based retaliation claims, 'are not cognizable under § 1983.'" *Baptiste v. City Univ. of New York*, 680 F. Supp. 3d 415, 425-26 (S.D.N.Y. 2023) (quoting *Bonds v. County of Westchester*, 19-CV-1712 (KMK), 2020 WL 4347704, at *8 (S.D.N.Y. July 28, 2020) and citing *Apatow v. Town of Stratford*, 651 F. Supp. 3d 573, 583 (D. Conn. 2023)).  Therefore, because non-compliance with a disabled student's Individualized Education Plan, *see* TAC ¶¶ 46-48, is not actionable under § 1983, Plaintiff has not alleged a protected activity sufficient to support a claim for retaliation.

Next, Plaintiff argues she did in fact suffer a sufficiently adverse employment action and that, in granting City Defendants' motion to dismiss her discrimination claim, the Court incorrectly characterized the alleged adverse employment action as "trivial harms" because they were considered as "isolate[d]" incidents rather than considered "as a whole in the context of the Rule

12(b)(6) motion . . ..” Pl.’s Mot. at 7.  However, the Court’s characterization of Plaintiff’s alleged adverse employment action as “trivial” was only with respect to one allegation: that Plaintiff was told she must present a doctor’s note in order to receive an elevator pass.[3]  *See* Order at 15.  Rather, the Court did accept that Plaintiff’s alleged suspension was an adverse employment action sufficient to state a claim.  *See id.* at 14-15.  Such a finding in of itself was not dispositive because, as stated above, Plaintiff failed to adequately allege that any adverse employment action was based on her race, gender or national origin.  *See id.* at 15.

Lastly, Plaintiff contends that “requir[ing]” Plaintiff to “begin all over again in state court” does “not accord with justice” after the time and effort spent “familiarizing [herself] with the case and its relationship with federal law.”  Pl.’s Mot. at 7.  Federal courts are courts of limited jurisdiction, and Plaintiff has failed to adequately state a claim under federal law which would require the Court’s exercise of such jurisdiction.  The exercise of supplemental jurisdiction over state law claims is a plainly a matter of discretion, which this Court once again declines.  *See* 28 U.S.C. § 1367.  Moreover, “Ordinarily, when a plaintiff’s federal claims are dismissed before trial,

---

[3] For the same reason, Plaintiff’s argument that “the significance of the [adverse employment action] injury sustained . . . is irrelevant” is unavailing.  *See* Pl.’s Mot. at 7.  Plaintiff cites to *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024), which held that an employee challenging a job transfer under Title VII’s discrimination provision must show that the transfer brought about some harm, but need not show that the harm was “significant” or “material.” *Muldrow*, 601 U.S. at 359.  Rather, a plaintiff need only show “some injury respecting her employment terms or conditions” which “left her worse off, but need not have left her significantly so.”  *Id.*  As an initial matter, *Muldrow* addressed claims brought under Title VII, not § 1983.  Indeed, district courts are split as to whether *Muldrow*’s “some harm” standard applies outside of the specific context of involuntary job transfers.  *See, e.g.*, *Rackley v. Constellis, LLC.*, 22-CV-4066 (GHW) (RWL), 2024 WL 3498718, at *21 & n.16 (S.D.N.Y. June 17, 2024) (“It is uncertain whether the Supreme Court’s ‘some harm’ standard . . . applies to discrimination claims beyond the involuntary transfer context.”) (collecting cases).  Regardless of whether *Muldrow* applies in cases such as Plaintiff’s, the severity of the alleged adverse employment action did not play a role in the Court’s analysis.  Rather, with respect to this particular issue, Plaintiff did not state any adverse action whatsoever: Plaintiff requested an elevator pass, was told she would need to submit a doctor’s note, and Plaintiff thereafter received an elevator pass. *See* TAC ¶ 45.  Plaintiff has not pleaded sufficient facts to plausibly alleged that she suffered “some injury,” “harm,” or “disadvantage,” or was otherwise “worse off” than she was before the purported incident.  *Muldrow*, 601 U.S. at 354-56, 359; *see Bonnafini v. City Univ. of New York*, 20-CV-5118 (BMC), 2024 WL 4293118, at *5 (E.D.N.Y. Sept. 25, 2024) (noting that even after *Muldrow*, “not every change in working conditions, by itself, can be an adverse employment action.”).  Moreover, even if Plaintiff had stated an injury with respect to this incident, the TAC does not support an inference of discrimination, which is fatal to her claim.

the state law claims should be dismissed as well." *Chenensky v. New York Life Ins. Co.*, 942 F. Supp. 2d 388, 391 (2d Cir. 2013) (citations omitted).

More importantly, Plaintiff has failed to set forth an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Accordingly, Plaintiff's motion for reconsideration must be denied.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion is DENIED.


**SO ORDERED.**

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

February 4, 2025
Brooklyn, New York